Fecteau, J.
This action involves claims of various kinds and descriptions by the plaintiff, a state police officer, against the Commonwealth of Massachusetts, the Department of the State Police and various officers of the State Police, as well as two private parties, arising out of the plaintiffs alleged reporting of certain events and irregularities in connection with operations of the Grafton State Police barracks and disciplinary proceedings that have allegedly occurred as a result. The plaintiff has filed a 31-count complaint in which six counts concern claims under the state whistleblower statute, four counts allege intentional interference with his contract of employment, three counts allege civil conspiracy, two counts allege defamation, four allege violation of the state civil rights act and four of the federal civil rights act.
The individual defendants who are officials of the state police have all been named, apparently, in both their official and individual capacities. Of the 23 counts that involve allegations against the Commonwealth, the Department of the State Police and the four individual officers of the state police, the above-captioned defendants[1] have moved to dismiss all or parts of twenty-two counts, especially as they make allegations against the individuals in their official capacities. The moving parties first contend that the complaint is overly long and contains in excess of 370 paragraphs and 31 counts, and that as such, it does not comply with Rule 8(a) of the M.R.Civ.Pr. that require plain and concise notice pleading. Although the complaint could have been formed more simply, and that the plaintiff does not state precisely in which capacities relief is sought, it does present sufficient information upon which the defendants can be fairly informed of allegations made against them.[2]
Turning to the specific contentions of the moving parties, with respect to those counts that allege intentional interference with the employment contract of the plaintiff (counts 4, 8, 14 and 19), civil conspiracy (counts 9, 15 and 20) and defamation (counts 10 and 21) against these officials, in their official capacity, the plaintiff agrees that such allegations do not lie and, therefore, does not oppose a dismissal of so much of those counts as allege these torts against these defendants in their official capacities. The moving parties do not move for dismissal of these counts as they make allegations against these defendants in their individual capacities.
Regarding the allegations of violation of the state whistle-blower statute, G.L.c. 149, §185, the Commonwealth contends that the statute can be applied only against one’s employer. The pertinent part of the statute reads as follows: “(a)n employer shall not take any retaliatory action against an employee because the employee does any of the following: . ..” [Emphasis added.) G.L.c. 149, §185(b). During the hearing on this motion, held on August 3, 2001, as a apparent result of the court’s dialogue with plaintiffs counsel, it appeared that counsel agreed with the court’s interpretation of the statute that such an action can only be prosecuted against one’s employer, and although the definition of “employer” does include the Commonwealth and any of its agencies or political subdivisions, its meaning plainly intends the action be brought against one's employer and that it did not intend to include everyone who might be considered in the chain of command. The parties agreed that Count II, alleging a violation of the whistle-blower statute against the Department of the State Police, was a properly pleaded cause of action and, consequently, Counts 1, 3, 7, 13 and 18 may be dismissed.
The moving parties also contend that the counts that allege violations of the federal civil rights statutes by the individual officers sued in their official capacities must be dismissed, for reason that as such, they are not liable for money damages. The plaintiff does not disagree, arguing that they were only being sued in their official capacity for equitable relief. However, a fair reading of the plaintiffs complaint does not lead this court to conclude that the counts, together with the prayers for relief, have been so limited.
*595 Regarding the violations of the state civil rights statute alleged by the plaintiff against the individual officers in their official capacity, the plaintiff likewise argues that he has only sued them as such seeking equitable relief. While it is true that the Commonwealth and its agencies may not be considered as a proper “person” to be sued, the plaintiff has not brought this action against the Commonwealth, but rather against four officers of the state police. In the case relied upon by the moving parties, two officials of the Department of Public Health were also named as cross-claim defendants under the state civil rights act and such claims were permitted to be decided by the jury. See Commonwealth v. Elm Medical Laboratories, Inc., 33 Mass.App.Ct. 71, 81, fn.15 (1992).
When evaluating the sufficiency of a complaint pursuant to Mass.R.Civ.P. 12(b)(6), the court must accept as true the well pleaded factual allegations of the complaint, as well as any inference which can be drawn therefrom in the plaintiffs favor. Eyal v. Helen Broadcasting Corp., 411 Mass. 426, 429 (1991). “The complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.” Nader v. Citron, 372 Mass. 96, 98 (1977), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957). See also Whitinsville Plaza, Inc. v. Kotseas, 378 Mass. 85, 89 (1979).
Given the arguments and representations of plaintiffs counsel during the hearing on the motion at bar, plaintiffs complaint fairly states claims against the four officers for violations of state and federal civil rights statutes. However, it does not clearly relate the capacity of a particular defendant with a type of relief sought, whether equitable, in connection with official capacity or, monetary, in connection with individual liability. During the hearing, the plaintiff, through counsel, submitted a chart to the court in which his causes of action and relief sought, per defendant, are clearly delineated.[3] His complaint lacks this clarity.
ORDER
For the foregoing reasons, Counts 1, 3, 7, 13 and 18 are ordered dismissed. Additionally, for the sake of clarity and for the elimination of confusion, the plaintiff is further ordered to file an amended complaint, in the nature of a confirmatory complaint, that reforms his causes of action and that incorporates his agreements and this decision:
A. that eliminates the “whistleblower” counts that have been dismissed entirely, namely counts 1,3, 7, 13 and 18, and,
B. clearly shows that:
1. counts that allege intentional interference with contractual relations, namely counts 4, 8, 14 and 19,[4] counts alleging civil conspiracy, counts 9, 15 and 20, and counts alleging defamation, counts 10 and 21 are against individual defendants in their individual capacities only; and,
2. counts that allege violations of civil rights, whether under federal or state law, namely counts 5, 6, 11, 12, 16, 17, 22 and 23, seek equitable relief only as to defendants named in their official capacity and monetary relief only as to defendants named in their individual capacity.

 There are two additional defendants who are private parties, Art’s Towing, Inc. and Bradford Kaye who are not part of this motion.

 As is discussed below, the plaintiff will need to file an amended complaint that conforms to his agreements and the rulings made herein.

 See chart attached hereto. [Editor’s Note: Not included here.)

 Counts are identified as presently numbered.