Carey, Richard J., J.
The pro se plaintiff, Alan R. Boisvert (“Boisvert”), brought this action against the defendant, Genzyme Corporation (“Genzyme”), alleging violations of the Sarbanes-Oxley Act (“SOX”), 18 U.S.C. §1514A, the Massachusetts Whistleblower Protection Act, G.L.c. 149, §185, and the National Labor Relations Act (“NLRA”), 29 U.S.C. §151 et seq.; wrongful discharge in violation of public policy; and breach of the implied covenant of good faith and fair dealing. This matter is now’ before the court on Genzyme’s motion to dismiss pursuant to Mass.R.Civ.P. 12(b)(6). For the following reasons, Genzyme’s motion to dismiss is ALLOWED in part, and DENIED as to the plaintiffs claims for wrongful termination and breach of the implied covenant of good faith and fair dealing.
FACTUAL BACKGROUND
The following facts are summarized from Boisvert’s amended complaint. See General Motors Acceptance Corp. v. Abington Cas. Ins. Co., 413 Mass. 583, 584 (1992).
From December 17,2007 through August 27,2009, Boisvert was employed as an “at-will” Senior/Lead Facility Maintenance Technician III at Genzyme’s production facilities in Framingham, Massachusetts. From 2008 until his termination, Boisvert raised concerns to various Genzyme officers and the U.S. Food and Drug Administration (“FDA”) regarding the poor condition of the production facilities and equipment *90 at the Framingham site, and its effect on the safely of consumers using the products being manufactured there. In light of these concerns, Boisvert refused to certify Genzyme documents which falsely stated that he had performed or witnessed the performance of favorable inspections of the production facilities. Bois-vert alleges that, as a result of his actions, he was discriminated against and harassed during his employment at Genzyme and was eventually terminated.
DISCUSSION
I.Legal Standard
To survive a motion to dismiss, a complaint must set forth the basis of the plaintiffs entitlement to relief with “more than labels and conclusions.” Iannacchino v. Ford Motor Co., 451 Mass. 623, 636 (2008), quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). While factual allegations need not be detailed, they “must be enough to raise a right to relief above the speculative level ... [based] on the assumption that all the allegations in the complaint are true (even if doubtful in fact) . . ."Id., quoting Bell Atl. Corp., 550 U.S. at 555. At the pleading stage, Mass.RCiv.P. 12(b)(6) requires that the complaint set forth “factual ‘allegations plausibly suggesting (not merely consistent with)’ an entitlement to relief...” Id. quoting Bell Atl. Corp., 550 U.S. at 557.
II.Boisvert’s Claims Under SOX
Genzyme seeks to dismiss Boisvert’s claims under SOX, arguing that Boisvert has failed to exhaust the required administrative remedies. “SOX protects ‘whistleblower’ employees of publicly-traded companies by prohibiting employers from retaliating against employees because they provided information about specified potentially unlawful conduct.” Day v. Staples, Inc., 555 F.3d 42, 52 (1st Cir. 2009), citing 18 U.S.C. § 1514A.[1] Under SOX prior to filing in any federal court, an injured party must file a complaint with the Occupational Safety and Health Administration (“OSHA”) within 180 days of the alleged adverse employment action. See 18 U.S.C. §1514A(b)(2)(D); see also Day, 555 F.3d at 52 (“An employee seeking §1514A protection must first file an administrative complaint with the Department of Labor (’DOL’)’j. Here, Boisvert does not allege that he filed a SOX whistleblower complaint with OSHA at any time prior to instituting the present action. As Boisvert has failed to exhaust his administrative remedies, this court lacks jurisdiction over his SOX claims.
III.Boisvert’s Claims Under the Massachusetts Whistleblower Protection Act
Genzyme argues that Boisvert’s claims under the Massachusetts Whistleblower Protection Act (“the Act”) must be dismissed because Genzyme is not an “employer” within the Act’s meaning. The Act prohibits public employers from taking retaliatory action against an employee because the employee discloses an activity, policy, or practice of the employer which the employee reasonably believes is in violation of the law or because the employee objects to or refuses to participate in such activity, policy, or practice. See G.L.c. 149, §185(b)(l) and (3). The Act defines “retaliatory action” as “discharge, suspension, or demotion of an employee or other adverse employment action taken against an employee in the terms and conditions of employment.” G.L.c. 149, §185(a)(5). The Act specifically defines an “employer” as: “[T]he commonwealth, and its agencies or political subdivisions, including, but not limited to, cities, towns, counties and regional school districts, or any authority, commission, board or instrumentality thereof.” G.L.c. 149, § 185(a)(2). Genzyme does not fit the statutory definition of an “employer,” as it is neither an agency nor a political subdivision of the Commonwealth. See Ahanotu v. Massachusetts Turnpike Auth., 466 F.Sup.2d 378, 395-96 (D.Mass. 2006) (dismissing §185 whistleblower claims against joint enterprise of two corporations because they were not in-strumentalities of state and were thus not covered by statute). Accordingly, Boisvert’s claims under the Act do not survive.
IV.Boisvert’s Claims Under NLRA
Genzyme further asserts that this court lacks subject matter jurisdiction to hear Boisvert’s claims under NLRA because Genzyme’s alleged conduct involves unfair labor practices within exclusive jurisdiction of the National Labor Relations Board (“NLRB”). This court agrees. Under the preemption doctrine, NLRB has primary jurisdiction over a labor dispute if the matter is arguably subject to Sections 7 or 8 of NLRA.[2] See San Diego Bldg. Trades Council, Millmen’s Union, Local 2020 v. Garmon, 359 U.S. 236, 244-45 (1959); see also Chaulk v. Massachusetts Comm’n Against Discrimination, 70 F.3d 1361, 1364 (1st Cir. 1995), cert, denied, 518 U.S. 196 (1996) (“[W]hen an activity is arguably subject to Section(s) 7 or Section(s) 8 of the National Labor Relations Act, the states as well as the federal courts must defer to the exclusive competence of the NLRB if the danger of state interference with national labor policy is to be averted”). Accordingly, Boisvert was first required to bring his wrongful discharge claim before the NRLB before resorting to filing a suit in this court. Boisvert’s claim under NRLB must therefore be dismissed.
V.Wrongful Termination and Breach of Implied Covenant of Good Faith and Fair Dealing
In addition to seeking relief for Genzyme’s allegedly retaliatory actions under the Massachusetts Whistleblower Protection Act, Boisvert brings common-law claims against the company for wrongful discharge in violation of public policy and for breach of the implied covenant of good faith and fair dealing. Genzyme argues that Boisvert’s common-law claims should be dismissed because, by bringing a claim under the Act, Boisvert had waived all other rights and claims arising out of his employment relationship with Genzyme. In support of its position, Genzyme relies on subsection (f) of the Act, which states that
the institution of a private action in accordance with subsection (d) shall be deemed a waiver by the plaintiff of the rights and remedies available to him, *91 for the actions of the employer, under any contract, collective bargaining agreement, state law, rule or regulation, or under the common law.
G.L.c. 149, § 185(f) (emphasis added). There is a dearth of case law interpreting the waiver provision of the Act. One Superior Court case, Haddad v. Scanlon, 10 Mass. L. Rptr. 298 (Mass.Super. 1999) (Welsh, J.), construed the waiver to apply to claims arising out of the same retaliatory conduct that the Act prohibits. The court stated that, in enacting the statute, the Legislature intended “to prevent an employee’s dupli-cative or cumulative recovery based on the retaliatory action.” Id. at 300.
The court, cognizant of the purposes of the waiver provision, finds that Boisvert’s common-law claims could not have been waived by his invocation of the Whistleblower statute because the court never had jurisdiction over the plaintiffs Whistleblower claims. While the waiver provision states that the “institution of a private action” under the Act waives any alternative theories, this presupposes that the claim is valid under the Act. See Bennet v. City of Holyoke, 230 F.Sup.2d 207, 221 (D.Mass. 2002), aff'd, 372 F.3d 1 (1 st Cir. 2004) (if a claim cannot be pursued under the Act, “the waiver provision cannot be invoked to bar the claim when raised in another count”). It is a stretch to assume that the legislature considered a scenario such as the present one, where a plaintiff has mistakenly invoked the Act, to also warrant a waiver of common-law claims. Since the legislative intent was to prevent cumulative recoveries, there is no reason to dismiss the plaintiffs alternative theories in this instance because the plaintiff cannot possibly recover under the Act. See Fisher v. Commonwealth of Massachusetts et al., 13 Mass. L. Rptr. 594 (2001) (dismissing a claim for being brought against improper defendants, but permitting separate counts to go forward that would have otherwise been subject to waiver). As such, the court finds that the waiver provision applies only to claims “that may actually be pursued substantively via the Whistleblower Statute.” See Bennet, 230 F.Sup.2d at 221.
Boisvert’s allegations, if accepted as true, raise a credible claim against the company for wrongful discharge in violation of public policy. An at-will employee may not be terminated for reporting conditions that the employee reasonably and in good faith believes to violate public safety laws and present a danger to public safety. See Mistishen v. Falcone Piano Co., 62 Mass.App.Ct. 243, 246 (1994); Falcon v. Leger, 62 Mass.App.Ct. 352, 364-65 (2004). A jury could find that Boisvert reasonably believed the poor conditions at.the Framingham plant posed a threat to public safety. See Falcon, 62 Mass.App.Ct. at 365. Barring the plaintiffs legitimate common-law claims solely because he mistakenly raised the Whistleblower statute would be unduly harsh and would not be consistent with legislative intent. Accordingly, because Boisvert’s allegations set forth a plausible claim for relief that is not barred by the Act, he may proceed with his common-law claims.
For the foregoing reasons, it is hereby ordered that the Defendant’s Motion to Dismiss is ALLOWED in part, and DENIED as to the plaintiffs claims for wrongful termination and breach of the implied covenant of good faith and fair dealing.

Section 1514A(a)(l) states: “No [publicly traded company] . . . may discharge, demote, suspend, threaten, harass, or in any other manner discriminate against an employee in the terms and conditions of employment because of any lawful act done by the employee ... to provide information, cause information to be provided, or otherwise assist in an investigation regarding any conduct which the employee reasonably believes constitutes a violation of [18 U.S.C. §§]1341 [mail fraud], 1343 [wire fraud], 1344 [bank fraud], or 1348 [securities fraud], any rule or regulation of the Securities and Exchange Commission, or any provision of Federal law relating to fraud against shareholders, when the information or assistance is provided to ... a person with supervisory authority over the employee ...”

Section 7 of the NLRA regulates the right of employees to organize and to engage in collective bargaining. See 29 U.S.C. §157. Section 8 prohibits employers and Unions from committing unfair labor practices, as defined in the provision. See 29 U.S.C. §158.